If I do, I'm going to take a note. Case number 14-1044, Adebisi Adenariwo, Petitioner versus Federal Maritime Commission, FL. Mr. Bushell for the petitioner, Mr. Wood for the respondents. Mr. Bushell, we don't get many cases from the Federal Maritime Commission. I think I've been here – well, I know I've been here 25 years. I think this is the first one I've had. This is my second and I think I have one more case for this term. Hence the dearth of case law in front of these cases. May it please the Court, my name is Daniel Bushell. I represent the petitioner. I'd like to reserve two minutes for rebuttal. I want to discuss three main issues. The first issue is mitigation of damages as to the second container, as we're calling it. This Court has approved, in one of its few cases on the Federal Maritime Commission, the application of mitigation of damages principles. I would submit that the application here had nothing to do with what American law recognizes as mitigation of damages. In fact, it contradicted one of the primary principles of it, which is mitigation of damages doesn't shift responsibility to the injured party for what the tortfeasor was supposed to do. And in this case, that's exactly what happened. What was the supposed failure to mitigate was that the petitioner should have paid the demerit charges, which was the basis on which the defendant violated the statute to begin with. So we're supposed to mitigate their violation of the statute by doing what they were supposed to do. And the case law is very clear that that's not mitigation of damages. The APL case, the second circuit that we cite, I think is the closest on point. And that's a case where it was a similar trying to shift demerit charges from the party that was supposed to pay them to the injured plaintiff who was suing. And the district court there reached a very similar decision to what the FMC said here. The second circuit reversed for this very reason. Basically because if the tortfeasor and the injured party are in equal position to avoid the damages, the tortfeasor has to be responsible to do that. And this court also has a case called Shea, S&M, Ball, which is cited in our briefs, which basically applied the same principle and basically recognized the exact same limitation on the mitigation of damages principle. That case invited a construction site runoff, and the supposed lack of mitigation was that the plaintiff should have built a dike to avoid the water runoff onto his property, but that was exactly what the defendant was supposed to do. So this court held that it was not proper to limit the plaintiff's damages based on the failure to build a dike because that was exactly what the defendant was supposed to do. I think that's quite analogous to what happened here. The opposite decision was reached here. So therefore, I would argue that that violated basic principles of mitigation of damages and was an error. The second issue I want to discuss is the statute of limitations with regard to the firsttainer. First container, I'm sorry. The settlement officer found that the statute began to run here on April 30, 2008. What's remarkable is what she said triggered the statute of limitations, which is an email in which BDP, the freight forwarder, told ZIM, the shipper, to issue an express release of the package. So in other words, BDP was trying to remedy the holding of the container. And on May 6, BDP tells the petitioner that ZIM authorized this express release. Yet somehow, the petitioner being told that ZIM was going to release the package, somehow started the statute of limitations on the claim that ZIM wouldn't release the package. So, I mean, I think even if it would have started on April 30, on May 6, the representation that it was going to be released, I would say would toll it in any event. When would you say the statute began to run, if at all? I think it began to run in August 2008, when basically ZIM repudiated the obligation to take care of the demerge and placed it all on my client to do that. How about our jurisdiction to hear your petition with respect to container 1? Yeah. As we explained in our briefs, this Court has held that an appeal for an administrative agency decision, you apply the same principles as a district court decision, which is all claims between all parties must be adjudicated before it's right for appeal. But these are two separate small claims, and in March of 2013, Nelson, the SO, affirms on reconsideration her decision to dismiss container 1. And she issues it on the same day, a separate decision, awarding mitigated damages to your client on the container 2. So, why did the time not begin to run on container 1 on March 7th of 2013? Because the separation of the containers into two separate docket numbers was merely a matter of convenience. These were two identical complaints that were filed just for, it was basically a procedural matter. I understand your client was acting cross-state, and you get two claims, and you use two docket numbers, and they are, it is a relevant consideration where you have the damages limitation in the formal proceeding. Wasn't it perfectly reasonable to separate them as an adjudicatory matter, not just as an administrative matter? In effect, didn't the Court sever the two claims into the two different docket numbers? By issuing two separate orders as well. Well, I would say that the Court did not, except for a more administrative matter. I mean, the fact that the order dismissing as to the first container addresses both, claims as to both containers. And as I said, the complaints here were identical, the claims were identical. I mean, you can't get more intertwined than that. But the agency declined to review container one in March 22, 2013. So the agency's disposition ended with respect to that then, right? It wasn't until February 2014 that they addressed the second container. That's correct, and I would say that that's no different than if a district court grants partial summary judgment as to some defendants or as to some claims. If a district court got two exactly identical complaints, the district court would dismiss one of them, because it's already under litigation. It would be the same case if it's filing two identical complaints. The district court would dismiss one of them. It really came out better by the way this administrator handled it than you would have if I were sitting on it as a district judge. Do you really think a district court would entertain two identical complaints? No, I don't. But I think that this is a result of this informal procedure that has this artificial limitation. But that brings us back to where we started on this. The informal procedure, the administrative agent did a reasonable, practical thing by treating one of them as handling one claim and didn't have another one. Isn't that the case? Yeah, but I would say that's not my argument. And my argument is that despite treating them as different docket numbers, whatever that means, that doesn't mean that it wasn't all part of one controversy. However it may be designated docket-wise, it still remains the same controversy. Was your client limited to one claim limit then in the informal procedure? No, he had two. So it's two still for purposes. It occurs in purpose, but it's one when it doesn't occur. Well, it's two in terms of the limitation of damages, which, as I said, is artificial in this case because his damages were much greater than was allowed under either one. When you're looking holistically at what was done, it's the same. I mean, one's a formality and one is a practical analysis. I see I'm out of time. All right, we'll give you some time and reply. Thank you. Mr. Ward? You may have pleased the court. Tyler Wood on behalf of the respondents. Petitioner finds himself in this position because of three critical decisions that he made. First, he chose to pursue discovery under the commission's informal process. Second, he chose to split his claims in an effort to increase his potential recovery. And third, he chose not to take reasonable steps to recover his cargo once it became clear that it would not be released until payment of demerged charges had accrued in Nigeria. Which was illegal, at least with respect to Container 2. And why do we insist that someone mitigate damages because of the illegal conduct of someone else and then later seek reimbursement? I mean, that doesn't, at the least, it doesn't conserve judicial resources. Perhaps it doesn't conserve judicial resources, Your Honor, but what it does is it gets the parties focused on whatever the issue is at the time, reserves rights, potentially reserves rights on the back end. I mean, is there any case law with respect to this agency and this notion of mitigation? I think what my colleague's suggesting, it's hardly intuitive that if I'm being, if someone's about to do something bad to me or is doing something bad, I now become blameworthy? There's not a lot of case law. Well, is there any case law? Are we going clean on this? Because the intuition doesn't go your way. Our position is that you are clean on this, Your Honor. There's one case from 1967, Loda Mercante Grand Columbia versus Federal Maritime Commission, in which the court deferred to the commission's review of mitigation principles. I think the broader concern for the agency is that these arguments about the equal footing doctrine weren't presented to the agency. This all could have been sorted out had they been presented at the time. The commission and the settlement officer were just faced with the general question of mitigation and it correctly held that the duty was on the respondents below to make a case in chief regarding the affirmative defense. Mostly we've seen mitigation over the eons in situations in which the damages are caused and then further damages occur because the injured party fails to take beneficial action. Say a supplier for a baby food company sends something tainted and the baby food company suffers $2 million damages when they could have suffered $750,000 worth of damages if they tasted the baby food the way they're supposed to. It takes a further act and some further damages before we get to mitigation usually. This is one where you're saying, well, the tortfeasor has acted and the damaged party should have acted to undo what the tortfeasor had done when the tortfeasor could have acted themselves. That's different, isn't it? Isn't it beyond our presence? And pursuant to conditions that are being determined by the tortfeasor, which is really weird to me, they're essentially saying, well, we want you to pay X. They have no right to X. And if you refuse to go along with that condition, which they had no right to set, you have failed to mitigate? It is a unique situation, Your Honor. And I think the additional concern is that much of this expresses frustration with the general principle of mitigation generally. In an employment context, you're always going... No, it's not the same thing. We've had mitigation generally where there has been further damage due to the injured party's failure to act to prevent further damage. I don't recall any where we've said they don't know the first damages because they didn't do what the tortfeasor should have done. You didn't come up with any. Yeah, I was looking for some analogous cases because it's not intuitive. This does not make sense. When I was preparing this case, it's really strange that the tortfeasor can set conditions which he has no right to set, and if not met, that will be used against the injured party. Well, the petitioner did recover. The question is the extent to which he recovered. It's a big difference. It's a huge difference in what he got and what he could get. It can be a big difference, Your Honor. Yeah, it is a big difference in this case. There may be conditions under the Shipping Act in the shipping industry generally where with a full record and considering the principles illuminating the Shipping Act, the Commission might agree with the equal footing doctrine. The basic issue, though, is that it wasn't presented to the Commission. The Commission didn't rule out... Well, then the informal hearing sort of suggests the possibility that they may not get as full a presentation as if they had a representative party in a formal hearing. There are certainly more processes in the full proceeding. Aren't you trying to impose the burdens of the formal proceeding on a claimant who's entitled to the more lax conditions of the informal? Well, I think the record reflects that the Sentiment Officer and the Commission allowed the Petitioner not one, but two more additional offerings both on facts and argument. The Sentiment Officer, I think, gave the Petitioner every opportunity to meet the standard. I thought the Petitioner was arguing this isn't fair. He argued it wasn't fair. But that seems self-evident. He presented the argument. This makes no sense. How are you doing this to me? His argument was I shouldn't have to pay this. Yes, that's exactly right. Bingo. That's exactly the argument. He didn't use lawyers' words. He made the argument way further than what you're saying. That's why I'm shocked when you say of course he raised it. He said I shouldn't have to pay this. He certainly contested mitigation and I don't mean to argue otherwise. Our position is that the Equal Footing Doctrine and the precise contours of how much of that the Commission has to explore and the Sentiment Officers have to explore in every case. Certainly, the Equal Footing Doctrine is part of the fabric of mitigation principles. But what I don't think this Court has ever required is that the Commission or District Courts run down every trap. No, no, no. What we require pursuant to the law is reasoned decision-making. And what we're suggesting to you at least to comfort us we're having trouble finding the reasoned decision-making here. And there was a protest about it. That what was presented to the decision-maker and now the obligation on the agency to show us reasoned decision-making. And I'm struggling with it. We respectfully submit that the substantial evidence in the record supports the conclusion drawn by the Sentiment Officer and the Commission and that the Petitioner was afforded every possibility to lay out exactly what his arguments were. If the Court disagrees with that finding we simply ask that the Commission have the first opportunity to address reflecting the principles in the Shipping Act what the contours of that doctrine might be and if there are any unique reasons why the mitigation principles generally... Well, you know, there's another way to do that too if you don't have it and it's an adjudication whether it's informal or formal you've lost it. You can define the contours in another case but it's unfair to make parties continue to go back into an adjudication on which you have failed to carry your burden why should you get another shot at it? I realize the cases go both ways on this but again the instinct is I already adjudicated my case the agency couldn't make it why should I have to do it again? I think the record I think for example is not clear on the exact amount of full damages the petitioner was alleging there were different numbers in the record but again we simply ask that if the court does disagree with the commission's finding on general mitigation principles that the commission be the first to at least take the opportunity to examine that doctrine and on the first claim 1920 I the court has already noted that the commission entered a final order March 22nd there could not have been a clear indication that the commission had reached its terminus it had consummated the proceedings and fixed the legal rights of the parties the commission doesn't have the equivalent of federal rule of civil procedure 54b what we do have is the commission in a clear indication saying we are done the petitioner sought the opportunity to expand his damages by splitting his claims with that being back end consequences is it really splitting a claim when you've got two separate instances you use the phrase splitting his claim he's recognizing that he has two claims that's a fair point your honor I guess it's not splitting a claim it's proceeding for recovery under two that's right your honor and on the question of statutory limitations the court needn't even address that unless it disagrees with the commission on the timeliness of the petition and jurisdictions they're under and unless there are any further questions we will rest on our briefs alright thank you why don't you take one minute okay I just wanted to address a few points made by my colleague one is he said that my client had you know in terms of the waiver issue I think as the court has recognized it was very clearly contested in layman's terms of course the application of the mitigation damages in this case was requested but he never was requested to submit legal authority or anything like that which is the only way he could have done that in terms of the court's questions before I just wanted to point out that the settlement officer is the one who said that it was administratively split her words were for the sake of convenience were going to split them into two dockets and call one for one container and one for the other container would you just put them back in one docket and put one limitation on the set I still don't say you can have that both ways if you're going to have two proceedings for purposes of your limitation then you have to proceed and again I think that's a function of the way that this whole smelting process is set up but you can't get away from it it usually functions the way the rules set up and the last thing I just want to say is that the damages were clearly specified in the record and we definitely would support just a ruling in our favor and reversal of this order and I thank you the court thank you
judges: Henderson, Edwards, Sentelle